EDWARD H. GILLILAN, PLAINTIFF, v. EBEN SWIFT,
DEFENDANT.

*Inchoate right of dower — what form of deed sufficient to transfer.*

A deed executed by a husband and wife, which "grants, bargains, sells, aliens,
remises, releases, conveys and confirms" the land and "all the estate, right,
title, interest, property, possession, claim and demand whatsoever, as well in
law as in equity of the said parties of the first part of, in and to the same,".is
sufficient to release the wife's inchoate right of dower in the land, and estop
her from subsequently claiming the same.

CONTROVERSY submitted upon admitted facts, under section
1279 of the Code of Civil Procedure.

The plaintiff entered into an agreement with the defendant to
sell to him a certain parcel of real estate. Upon examining plaint-

iff's title, the defendant claimed that the wife of one of plaintiff's grantors had never released her right of dower therein.

The question arose under a deed, duly executed and acknowledged, by which John H. Ely and Emma A., his wife, conveyed the premises to one of plaintiff's grantors, by which the parties of the first part " granted, bargained, sold, aliened, remised, released, conveyed and confirmed, and by these presents do grant, bargain, sell, alien, remise, release, convey and confirm unto the said party of the second part, and to his heirs and assigns forever, all that certain tract," etc. * * * " together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in and to the same, and every part and parcel thereof." This deed, though signed and executed by the wife of said John H. Ely, did not contain the words " *dower and right of dower.*" The only question in dispute, and the only one upon which the General Term was asked to pass, was, does this deed so operate, that this defendant would get an absolute and perfect title to said premises, barred of all dower, and right of dower, as against said Emma A. Ely, wife of said John H. Ely ? Or, is the objection made by this defendant, that said Emma A. Ely is not estopped and barred of her inchoate right of dower in said premises, a valid objection to the title of said premises ?

*Francis Lynde Stetson*, for the plaintiff.

*A. Pentice*, for the defendant. It is not sufficient that the wife sign the deed with her husband, unless the same contains words which relate expressly to her dower right. (Tyler on Infancy and Coverture, § 403, pp. 554, 555, and cases cited; 4 Kent's Com. [12th ed.], p. 60; 1 Hilliard on Real Property [4th ed.], § 9, pp. 173, 175; *Albany Fire Ins. Co.* v. *Bay*, 4 Comst. [middle of p. 12], and cases cited; 2 Scribner on Dower, p. 280; Washburn on Real Property, vol. 1 [2d ed.], p. 200, § 12; *Jackson* v. *Vanderheyden*, 17 Johns., 167; *Moore* v. *The Mayor, etc.*, 4 Seld., 110; *Green* v. *Putnam*, 1 Barb., 500; *Sigler* v. *Van Riper*, 10 Wend., 415.)

DYKMAN, J. :

Upon the acquisition of seisin of an estate in land by the husband, the wife acquires a right of dower therein, which to the time of his death is called inchoate or incomplete. This right of the wife is not an estate in the land, and cannot be conveyed by her. It may, however, be released by her if she joins with her husband in an instrument in writing containing apt words for that purpose, and acknowledged by her in the manner prescribed by our statute. The better opinion seems to be that, when the wife thus joins with her husband in a deed conveying the land, the conveyance operates against her by way of estoppel, and not by way of grant, for the reason that she has no estate or interest in the land which is the subject of a grant.

This being the case, it is entirely evident that no particular form of words is necessary to accomplish this result. Any apt words in the instrument, indicating an intention to release all the right she has in the instrument, will effect the estoppel.

In the deed in question, the words are grant, bargain, sell, alien, remise, release, convey and confirm, all the estate, right, title, interest, property, possession, claims and demand of, in and to the land in question. It would be difficult to use more comprehensive words or words more expressive of an intention to release and convey all the interest or right either party had in the land. These are words, both of grant and release, and it certainly was not necessary to use the words dower, or right of dower, to describe more technically the kind of interest or right which the wife had. All was granted and released whatever it was. In accordance with the submission, judgment must be rendered in favor of the plaintiff against the defendant; that the defendant complete her purchase of the premises in accordance with the terms of the agreement contained in the case. No costs, but legal disbursements.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment for plaintiff upon submitted case, with legal disbursements only, according to stipulation.